UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ISRAEL GOMES PESSOA AMARAL,<br><br>Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility, PATRICIA HYDE, Field Office Director, TODD LYONS, Acting Director of U.S. Immigrations and Customs Enforcement, MARKWAYNE MULLIN, Secretary of Homeland Security, SIRCE OWEN, Acting Director of the Executive Office for Immigration Review, TODD BLANCHE, Acting Attorney General of the United States,<br><br>Respondents. | CIVIL ACTION<br>NO. 26-12099-WGY |

YOUNG, D.J.                                          May 20, 2026

## ORDER

The Court has reviewed the petition filed by Petitioner Israel Gomes Pessoa Amaral ("Pessoa Amaral") for habeas corpus relief under 28 U.S.C. § 2241 ("Pet." or "the Petition"), ECF No. 1, as well as the Respondents' response, Resp't's Resp. Habeas Pet. ("Resp."), ECF No. 6. The Court hereby ALLOWS the Petition insofar as it seeks a bond hearing/individualized custody redetermination before an immigration judge, at which the government bears the burden of proving Pessoa Amaral poses a

danger to the community or flight risk, see Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021), and ORDERS this hearing be held within seven (7) days of the date of this Order.  The Court further ORDERS Respondents to file a status report -- stating whether Petitioner has been granted bond and, if his request for bond is denied, the reasons for the denial -- within ten (10) days of this Order.

**FACTUAL BACKGROUND**.  Pessoa Amaral is a native and citizen of Angola.  Pet. ¶¶ 1, 18.  He was detained by Immigration Customs Enforcement ("ICE") on or about May 6, 2026, and has since remained in its custody.  Id. ¶¶ 2, 8, 30.  Pessoa Amaral contends that his detention violates INA provisions and his rights under the Due Process Clause of the Fifth Amendment.  Id. ¶¶ 35-36, 39-40, 47-48, 50-51.  Thus, Pessoa Amaral requests a bond hearing.  Id. ¶ 13.

**ANALYSIS**.  District courts retain jurisdiction to hear noncitizens' challenges to the legality of their immigration detention.  Kong v. United States, 62 F.4th 608, 614 (1st Cir. 2023).  Since Pessoa Amaral challenges his continued detention, this Court has jurisdiction over his petition.

This Court agrees with petitioner Pessoa Amaral that his custody is governed by 8 U.S.C. § 1226(a) which, as due process requires, entitles him to a bond hearing before an immigration judge.  This conclusion is consistent with a growing body of

[2]

this court's rulings in similar cases.  See, e.g., Sampiao v. Hyde, 799 F. Supp. 3d 14, 19-20 (D. Mass. 2025) (Kobick, J.); De Andrade v. Moniz, 802 F. Supp. 3d 325, 333 (D. Mass. 2025) (Saylor, J.); Araujo da Silva v. Bondi, No. 25-CV-12672-DJC, 2025 WL 2969163, at *2 (D. Mass. Oct. 21, 2025) (Casper, C.J.); Chuqui Paredes v. Moniz, No. CV 26-10335-FDS, 2026 WL 309632, at *2 (D. Mass. Feb. 5, 2026) (Saylor, J.).

In his Petition, Pessoa Amaral contends to be a member of the class certified in Guerrero Orellana v. Moniz, No. 25-cv-12664-PBS.  Pet. ¶ 12.  This Court, however, having independently determined Pessoa Amaral's entitlement to a bond hearing, declines to determine the effect of the Guerrero Orellana on this case.  See Batista v. Hyde, No. CV 26-10195-FDS, 2026 WL 205636, at *2, n. 2 (D. Mass. Jan. 27, 2026) (Saylor, J.).

For the foregoing reasons, the Court rules as follows.  The Court ALLOWS the Petition, ECF No. 1, insofar as it seeks a bond hearing/individualized custody redetermination before an immigration judge, at which the government bears the burden of proving that Pessoa Amaral poses a danger to the community or flight risk, see Hernandez-Lara, 10 F.4th at 41, and ORDERS this hearing be held within seven (7) days of the date of this Order. The Court ORDERS Respondents to file a status report -- stating

[3]

whether petitioner Pessoa Amaral has been granted bond and, if the request for bond is denied, the reasons for the denial -- within ten (10) days of this Order.

**SO ORDERED.**

William M. Young
WILLIAM G. YOUNG
DISTRICT JUDGE

[4]